UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANA ESPINOZA CABRERA,<br><br>Plaintiff,<br><br>-against-<br><br>ALL CARE HOME HEALTH SERVICES LLC.,<br><br>Defendant. | **Index No.**<br><br><br>**COMPLAINT** |

Plaintiff SUSANA ESPINOZA CABRERA, by and through counsel, alleges upon personal knowledge as to herself, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This action arises out of violations by Defendant ALL CARE HOME HEALTH SERVICES ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiff SUSANA ESPINOZA CABRERA ("Plaintiff") for all hours worked at the legally required minimum hourly wage rate, its failure to pay her federally and state mandated overtime pay at the rate of one and one half times her regular hourly rate, and failure to pay spread of hours pay.

2. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff of her lawful overtime wages.

3. Plaintiff also brings this action to remedy Defendant's violations of the NYLL and its implementing regulations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same nucleus of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that its principal place of business is located in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## THE PARTIES

7. Plaintiff SUSANA ESPINOZA CABRERA is a resident of Queens County in the State of New York.

8. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

9. Defendant employed Plaintiff from in or around February 1, 2019 to the present.

10. Defendant ALL CARE HOME HEALTH SERVICES LLC. is a Domestic Limited Liability Company incorporated in the State of New York with its principal place of business located in Brooklyn, New York.

11. Defendant grossed more than $500,000.00 in each of the last three calendar years.

12. At all times relevant hereto, Defendant employed employees, including Plaintiff, who regularly were employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which

have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

13. At all times relevant hereto, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

14. At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §§ 190(3) and 651(6).

## STATEMENT OF FACTS

15. At all relevant times, Defendant operated a licensed home health care agency.

16. Defendant provides home care services to elderly and disabled individuals throughout metropolitan New York City and surrounding areas.

17. At all relevant times, Defendant employed Plaintiff and others to work as a home health aides ("HHA") in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

18. Plaintiff was assigned to provide HHA services in the home of one of Defendant's disabled/elderly clients.

19. Plaintiff was responsible for all aspects of her assigned client's welfare, including but not limited to, bathing, grooming, dressing, oral care, perineal care, transfer assistance, ambulation, laundry, cleaning, medication management, toileting assistance and/or changing of clients' diapers, accompanying clients on shopping trips, and running errands for clients.

20. From the beginning of her employment with Defendant until February, 2020, Defendant assigned Plaintiff to work twenty-four hour shifts. Each week Defendant assigned

Plaintiff to work three or four twenty-four (24) hour shifts for a total of seventy-two (72) to ninety-six (96) hours per week.

21. While working her twenty-four (24) hour shifts, Defendant required Plaintiff to stay overnight at the residence of her assigned client and monitor and attend to her, throughout her shifts. These shifts were known as "live-in" or "sleep-in" shifts.

22. During these twenty-four (24) hour shifts, Defendant prohibited Plaintiff from leaving her assigned client and required her to constantly attend to her. Defendant required Plaintiff to remain with her assigned client and remain in the client's home except when taking the client for an outing such as shopping or a doctor's visit.

23. Plaintiff did not "live on the premises of her employer".

24. Plaintiff maintained her own residence and at no time resided in the homes of Defendant's client.

25. Therefore, Plaintiff was not a "residential employee" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

26. During every minute of her assigned shifts, Defendant controlled the activities in which Plaintiff was allowed to engage.

27. During the entire twenty-four hours of each "live-in" shift, Plaintiff was not free to leave her place of employment.

28. Plaintiff was responsible for providing care for her assigned client when the client woke up during the nighttime, which happened each night, several times per night.

29. Because Plaintiff's assigned client was quadriplegic and required constant assistance with bathing, toileting and ambulation, Plaintiff never was able to get five hours of uninterrupted sleep during her "live-in" shifts.

30. Because of Plaintiff's client's medical condition and the requirements of her care, as set forth in her Plan of Care, Plaintiff was required to (i) "Turn & Position" her client every two hours, (ii) immediately change any wet/soiled diapers, and (iii) to attend to her if she heard any coughing (as her client was at risk of suffocation due to her paralysis).

31. Plaintiff had a small bed in the same room as her assigned client, for her to rest/sleep in during the night. Defendant did not assign her a separate room for her to sleep in.

32. Defendant did not schedule regular, uninterrupted sleeping time for Plaintiff.

33. Plaintiff was thus unable to get, and never got, five (5) hours of uninterrupted sleep during her "live-in" shifts.

34. Despite the work that Plaintiff regularly performed during the nighttime, Defendant only paid Plaintiff for thirteen (13) hours per twenty-four (24) hour shift. Plaintiff was thus only paid approximately $8.12 per hour, well below the NYLL required minimum wage.

35. On several occasions Plaintiff informed Defendant's human resources coordinator that she was unable to get five uninterrupted hours of sleep per night because her assigned client required constant assistance during the night.

36. Defendant's human resources coordinator refused to deal with the situation, and instead informed Plaintiff that she was responsible for caring for her client, and that for a client with these types of needs that there was nothing she could do.

37. Defendant's supervisor/coordinator did take any steps to change the situation.

38. In addition to not being able to obtain five hours of uninterrupted sleep, Plaintiff did not receive uninterrupted meal breaks and generally ate while working. Plaintiff could not take three uninterrupted one hour meal breaks during the day because of the demands of caring for her assigned client.

39. Defendant never scheduled sleep time or meal breaks for Plaintiff when she was working a "live-in" shift.

40. Although Defendant knew that Plaintiff had to work assisting the client that it had assigned to her during the night and therefore could not sleep for five uninterrupted hours, Defendant always deducted eight hours for sleep and three hours for meal breaks and only paid Plaintiff for thirteen hours for each twenty-four hour shift that she worked.

41. Furthermore, Defendant did not pay Plaintiff spread of hours pay of one hour's pay at the New York minimum wage rate for each day that she worked, although Plaintiff always worked shifts of more than ten hours.

42. At the beginning and end of each of the Plaintiff's work shifts, Defendant required her to place a telephone call to Defendant's automated time keeping system to record her hours.

43. Defendant failed to make and keep contemporaneous records of all of Plaintiff's work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

44. In 2019 when Defendant began to assign Plaintiff to work "live-in" shifts, Defendant paid Plaintiff at the hourly rate of $15.00. Defendant paid Plaintiff thirteen hours for each twenty-four hour shift that she worked. Thus Defendant paid Plaintiff for only thirty-nine (39) or fifty-two (52) of the seventy-two (72) to ninety-six (96) hours that she worked each week. As a result, Defendant paid Plaintiff at rates well below the minimum wage, in violation of the NYLL.

45. Furthermore, Defendant violated the FLSA and the NYLL by not paying Plaintiff overtime at the rate of one and one half times her regular hourly wage for each of the hours that Plaintiff worked over forty in a workweek.

46. Defendant's recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendant to prove it properly paid Plaintiff the required minimum wages and overtime.

47. The work performed by Plaintiff was non-exempt as defined by the FLSA and the NYLL and their implementing regulations.

48. Plaintiff was not a *companion* as defined by 12 N.Y.C.R.R. § 142-2.14 because she did not live in the homes of her employers. Moreover, providing companionship is only incidental to the many duties that she performed, which included housekeeping.

49. Defendant monitored Plaintiff's compliance with its guidelines, procedures, and policies by periodically reviewing her work performance, and by sending supervisors and individuals from management to periodically observe her.

50. Plaintiff was entitled to be paid for all hours worked.

51. Plaintiff was entitled to be paid overtime, or a minimum of one and one half (1 ½) times her regular rate of pay, for all hours worked in excess of forty (40) hours.

52. Defendant failed to pay Plaintiff an extra hour of pay at the minimum wage rate for each day that her workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

53. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

54. At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiff "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

55. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

56. Defendant's unlawful conduct has been widespread, repeated and consistent.

## WAGE THEFT PREVENTION ACT VIOLATIONS

57. Defendant failed to provide Plaintiff with the notices required by NYLL §195(1).

58. Defendant violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

## FIRST CAUSE OF ACTION
### (Overtime Violations of the FLSA)

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff at the required overtime rates for each hour worked above forty (40) per workweek.

78. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff the federally mandated overtime wages for all hours worked above forty (40) per workweek. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

79. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

80. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied pay at the federally required rates for all of her overtime hours worked in an amount to be determined at trial and is therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

82. At all times relevant hereto, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

83. At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

84. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

85. Defendant willfully, regularly, repeatedly and knowingly violated Plaintiff's rights by failing to pay her compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for all hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its implementing regulations.

86. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

87. Also as detailed above, Defendant's actions were willful.

88. Due to Defendant's NYLL violations, Plaintiff seeks damages in the amount of her unpaid minimum wages, unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

90. Defendant failed to pay Plaintiff an additional hour's pay at the basic minimum hourly wage rate for each day that she worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of the NYLL and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

91. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (New York Labor Law §§ 195(1) & (3) -
### Failure to Provide Wage Statements and Wage Notice)

1. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

2. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in

accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

3. Defendants also willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

4. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workweek that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, including unpaid overtime pay according to proof, FLSA liquidated damages, and post judgment interest, to be paid by Defendant;

(b) An award of damages to Plaintiff for violations of the NYLL, including unpaid hourly wages and overtime wages, spread of hours pay, statutory penalties, and NYLL liquidated damages;

11

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 3, 2020

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of <u>All Care Home Health Services</u> and related entities/ individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

 I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this <u>30th</u> day of <u>October</u>, 2019.

<u>Susana Espinoza</u>
         Signature

<u>Susana Espinoza</u>
       Full Legal Name (print)